IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| FRED ERBY, | ) | |
| Petitioner, | ) | |
| vs. | ) | No. 11-2177-STA/cgc |
| BILL OLDHAM, | ) | |
| Respondent. | ) | |

ORDER OF DISMISSAL
ORDER DENYING MOTION FOR SUMMARY JUDGMENT
(DOCKET ENTRY 9)
ORDER DENYING MOTION TO SHOW INEFFECTIVE ASSISTANCE
(DOCKET ENTRY 12)
AND
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

On March 7, 2011, Petitioner Fred Erby, booking number 10140578, a pre-trial detainee at the Shelby County Criminal Justice Complex ("Jail"), filed a habeas petition under 28 U.S.C. § 2254. (Docket Entry ("D.E.") 1.) On May 23, 2011, the Court entered an order granting Petitioner's application to proceed in forma pauperis because his trust fund account balance was less than twenty-five dollars ($25.00). (D.E. 8.) It is ordered that the Clerk shall file the petition and record the respondent as Bill Oldham. The Clerk shall not issue any process.

Petitioner Erby submitted his allegations on the form "Petition Under 28 U.S.C. § 2254." Section 2254 is inapplicable to Erby's claims because he is not in custody "pursuant to the judgment of a State court." 28 U.S.C. § 2254(b)(1). Erby has not been tried and has no judgment of conviction. The petition

contains numerous complaints that Petitioner's pending criminal proceedings are deficient. Consideration of this habeas petition would interfere with ongoing state criminal prosecutions. See generally Ex Parte Royall, 117 U.S. 241 (1886).

The Court construes Petitioner's claims as a petition for habeas corpus under 28 U.S.C. § 2241, which affords a remedy for pre-trial detainees. For a state prisoner who challenges "the very fact or duration of his physical imprisonment and [who] seeks . . . immediate release or a speedier release from that imprisonment, [the] sole federal remedy is a writ of habeas corpus." Hadley v. Werner, 753 F.2d 514, 516 (6th Cir. 1985)(quoting Preiser v. Rodriguez, 411 U.S. 475, 500 (1973)). Although a habeas petition is the only remedy for a state prisoner seeking relief from prosecution, Erby cannot obtain dismissal of his state indictments through this habeas petition. Twenty-eight U.S.C. § 2241 affords a remedy under limited circumstances for state pre-trial detainees, but not under the circumstances alleged by this Petitioner. See Braden v. 30th Jud. Cir. Ct. of Kentucky, 410 U.S. 484 (1973). See also Norton v. Parke, 892 F.2d 476, 478 n.5 (6th Cir. 1989); Atkins v. State of Mich., 644 F.2d 543, 546 & n.1 (6th Cir. 1981). Braden does not permit a prisoner to circumvent state remedies or the state criminal process by resolving in a federal habeas forum issues or defenses that should first be presented to a state court in defense of a pending prosecution. Norton, 892 F.2d at 479 n.6; Atkins, 644 F.2d at 546-47. At the very least, the "federal court should abstain from the exercise of that jurisdiction if the issues

2

raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." Dickerson v. State of La., 816 F.2d 220, 225 (5th Cir. 1987).

In this case, the Petitioner has not exhausted his state remedies. Indeed, he has not yet been tried. A petitioner has failed to exhaust his available state remedies if he has the opportunity to raise his claims by any available state procedure. Preiser, 411 U.S. at 494-95. To exhaust his state remedies, the applicant must have presented the very issue on which he seeks relief from the federal courts to the courts of the state that he claims is wrongfully confining him. Picard v. Connor, 404 U.S. 270, 275-76 (1971); Dickerson, 816 F.2d at 228. Cf. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999)(holding that exhaustion requirement mandates presentation of all claims to state court through discretionary review process). Petitioner has the continuing right to assert any claims or defenses in the state trial court and on direct appeal from any final judgment of conviction.

Accordingly, "it appears from the application that the applicant or person detained is not entitled" to any relief. 28 U.S.C. § 2243. An order for Respondent to show cause need not issue. The petition for writ of habeas corpus is DENIED and DISMISSED. Petitioner's motion for summary judgment (D.E. 9) and motion to show ineffective assistance (D.E. 12) are DENIED as moot. The Clerk shall enter judgment for Respondent.

The Court must also decide whether Petitioner is entitled to a certificate of appealability. Pursuant to 28 U.S.C. § 2253(c)(1)(A), "an appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court" unless the petitioner obtains a certificate of appealability. Pursuant to § 2253(c)(2), a court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." Although "this obviously does not require that the Petitioner show that he should prevail on the merits," the petitioner must nonetheless "demonstrate that the issues are debatable among jurists of reason; that a Court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further." Barefoot v. Estelle, 463 U.S. 890, 893 (1983). See Lyons v. Ohio Adult Parole Auth., 105 F.3d 1063, 1069-73 (6th Cir. 1997)(holding that district courts should apply the standards set forth in Barefoot when determining whether to issue a certificate of appealability).

In this case, Petitioner presents clearly unexhausted claims that would interfere with an ongoing state criminal prosecution. Petitioner cannot present on appeal a question of some substance about which reasonable jurists could differ. The Court, therefore, declines to issue a certificate of appealability.

The Court must also decide whether Petitioner is entitled to proceed in forma pauperis on appeal. The Sixth Circuit has

concluded that the various filing fee requirements and good faith certifications of amended § 1915 do not apply to § 2254 cases, but it has not resolved in a published opinion whether those requirements apply to § 2241 cases. Kincade v. Sparkman, 117 F.3d 949, 951-52 (6th Cir. 1997). Cf. McGore v. Wrigglesworth, 114 F.3d 601 (6th Cir. 1997)(instructing courts regarding proper PLRA procedures in prisoner civil-rights cases, without mentioning § 2241 petitions).

The Tenth Circuit, however, has held that the provisions of the Prison Litigation Reform Act of 1995, 28 U.S.C. §§ 1915(a)-(b), do not apply to habeas cases of any sort or to § 2255 motions. See McIntosh v. United States Parole Comm'n, 115 F.3d 809, 810 (10th Cir. 1997); United States v. Simmonds, 111 F.3d 737, 743 (10th Cir. 1997). An unpublished Sixth Circuit opinion has adopted this approach in affirming a decision from this district. Graham v. U.S. Parole Com'n, No. 96-6725, 1997 WL 778515 (6th Cir. Dec. 8, 1997), aff'g, Graham v. U.S., No. 96-3251-Tu (W.D. Tenn. Dec. 4, 1996). Because the Court finds the reasoning of McIntosh persuasive, and because the Court finds that this conclusion naturally follows from the Sixth Circuit's decision in Kincade, the Court concludes that the PLRA does not apply to § 2254 or § 2241 petitions.

Pursuant to Kincade, a petitioner must seek leave to proceed in forma pauperis from the district court under Fed. R. App. P. 24(a), which provides:

> A party to an action in a district court who desires to proceed on appeal in forma pauperis shall file in the district court a motion for leave to so proceed, together with an affidavit, showing, in the detail prescribed by Form 4 of the Appendix of Forms, the party's inability to pay fees and costs or to give security therefor, the party's belief that that party is entitled to redress, and a statement of the issues which that party intends to present on appeal.

The Rule further requires the district court to certify in writing whether the appeal is taken in good faith, and to deny the certificate if the appeal would be frivolous.

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. Id. It would be inconsistent for a district court to determine that a complaint is too frivolous to be served, but that it has sufficient merit to support an appeal in forma pauperis. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this petition as meritless also compel the conclusion that an appeal would be frivolous. It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by Petitioner would not be taken in good faith, and he may not proceed on appeal in forma pauperis.

IT IS SO ORDERED this 18th day of November, 2011.

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE